THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SCOTT DAVIS and KEN KUGLER :
:
     Plaintiffs :
  v. : 3:12-CV-1660
: (JUDGE MARIANI)
ALLEN FOX and :
JOHN J. WILKES, JR. :
:
     Defendants :

## MEMORANDUM OPINION

### I. Introduction

Before the Court is Defendants' Motion to Dismiss (Doc. 23). For the reasons set forth below, the Court will deny Defendants' motion.

### II. Factual Allegations and Procedural History

Plaintiffs are municipal police officers with in Jackson Township (Am. Compl., Doc. 20, at ¶ 11), and Defendants are Township Supervisors, Allen Fox and John Wilkes, Jr. (*Id.* at ¶¶ 3-4).

In December 2011, Plaintiff Davis "requested information pursuant to a Right-to-Know requests [*sic*], and in retaliation within two (2) weeks, Defendant Fox threatened Plaintiff that he would take his job away from him if he pursued such requests and tried to intimidate him into dropping said Right-to-Know requests." (*Id.* at ¶ 8). Then, a month later, Plaintiffs "reported official misconduct engaged [in] by Defendants to federal law enforcement authorities." (*Id.* at ¶ 9).

Thereafter, Defendants "began and continue a campaign of [retaliatory] harassment toward Plaintiffs, which included but not limited to: loss of pay, refusal to pay overtime, threatened job, threatened to eliminate the entire police department, harassed via text and verbally, engaged in surveillance, and wrongfully interfered with police business." (*Id.* at ¶ 13). Plaintiffs also allege that Defendants "were acting in conspiracy to violate Plaintiffs' First Amendment rights and cause harm to Plaintiffs." (*Id.* at ¶ 14).

## III. Standard of Review

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those

2

facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013)

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. Analysis

The sole basis for Defendants' motion to dismiss is that Plaintiffs have failed to exhaust their administrative remedies by submitting a grievance as required by their Collective Bargaining Agreement ("CBA") (Doc. 24, Ex. A, Art. 21),[1] before filing suit in federal court. For this proposition, Defendants cite to *Republic Steel Corp. v. Maddox*, 379

---

[1] Article 21 of the CBA provides that "[g]rievance shall include all disputes between a member(s) of the employer involving interpretation of this Agreement. This procedure shall be available to all full-time and part-time officers."

3

U.S. 650, 652, 85 S. Ct. 614, 616, 13 L. Ed. 2d 580 (1965) ("As a general rule in cases to which federal law applies, federal labor policy requires that individual employees wishing to assert *contract* grievances must attempt use of the contract grievance procedure agreed upon by employer and union as the mode of redress.") (emphasis added) and *Price v. Gen. Cable Indus.*, Civil Action No. 05-424J, 2006 WL 3393686, at *5 (W.D. Pa. Sept. 29, 2006) (citing *Republic Steel*).

Neither of the cases cited by Defendants, however, involved claims brought under 42 U.S.C. § 1983 for alleged constitutional violations, nor could they because in both cases, the plaintiffs were private sector employees suing their private sector employers for "contract grievances" and other non-constitutional claims. *See Republic Steel*, 379 U.S. 650 (Maddox sued his employer, Republic Steel, for severance pay allegedly owed to him under the CBA); *Price*, 2006 WL 3393686 (Price sued her employer, General Cable Industries, for breach of contract, wrongful termination, Title VII discrimination, emotional distress, and loss of consortium). Plaintiffs are not asserting "contract grievances" but are asserting that their First Amendment rights to free speech were violated. Therefore, neither *Republic Steel* nor *Price* applies to this case.

As Plaintiffs correctly observe, generally speaking, "[w]hen federal claims are premised on 42 U.S.C. § 1983" there is no requirement to exhaust "state judicial or administrative remedies, . . ." *Steffel v. Thompson*, 415 U.S. 452, 472, 94 S. Ct. 1209, 39 L. Ed. 2d 505 (1974). Excepting certain causes of action such as procedural due process

4

violations,[2] plaintiffs may forego pursuing administrative remedies through their unions and come directly to federal court on claims for constitutional violations under § 1983. *See, e.g., Garzella v. Borough of Dunmore*, 280 F. App'x 169 (3d Cir. 2008) (affirming dismissal of the plaintiffs' procedural due process claim under § 1983 because the plaintiffs had failed to exhaust their administrative remedies by filing a grievance with their union and affirming the dismissal of the plaintiff's First Amendment retaliation claim which the district court had addressed on the merits); *Turinski v. Local 104 Int'l Ass'n of Firefighters*, 269 F. App'x 184 (3d Cir. 2008) (same).

Therefore, the Court must deny the motion to dismiss on Defendants' asserted basis for dismissal (*i.e.*, failure to exhaust administrative remedies). Defendants, however, do assert in their brief in support of their motion to dismiss that:

> Plaintiffs reported Defendants to some unnamed law enforcement officials, and then experienced negative treatment at work, including lost wages. The Plaintiffs do not provide any contextual facts which could either (a) establish the capacity (i.e., as police officers or private citizens) in which they made their report against Defendants, or (b) provide Defendants with appropriate notice of what facts are being alleged against them. For instance, Plaintiffs do not state a factual correlation between the alleged retaliatory conduct of the Defendants and the "loss of pay" or "refusal to pay overtime."

(Doc. 24, at 3). Had Defendants supported these arguments with legal authority and developed their analysis, there may have been a basis for dismissal. As such, the parties

---

[2] A plaintiff suing under § 1983 must take "advantage of the processes that are available to him . . . , unless [they] are unavailable or patently inadequate. A state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000) (internal citations and quotation marks omitted). "[G]rievance procedures outlined in collective bargaining agreements can satisfy due process requirements." *Dykes v. SEPTA*, 68 F.3d 1564, 1572, n.6 (3d Cir. 1995).

5

should not understand this opinion to mean that the Court has approved the sufficiency of Plaintiffs' Amended Complaint. Nevertheless, because Defendants base their motion to dismiss on an erroneous legal principle, the Court must deny their motion at this time.

## V. Conclusion

For the foregoing reasons, the Court will deny Defendants' motion to dismiss. (Doc. 23). A separate Order follows.

Robert D. Mariani
United States District Judge