# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT DAVIS and KEN KUGLER | : |
| Plaintiffs | : |
| v. | : 3:12-CV-1660 |
| | : (JUDGE MARIANI) |
| ALLEN FOX and | : |
| JOHN J. WILKES, JR. | : |
| Defendants | : |

## MEMORANDUM OPINION

### I. Introduction

Before the Court is Defendants' Second Motion to Dismiss (Doc. 42) and Plaintiffs' Motion to Strike Defendants' Motion (Doc. 44). For the reasons set forth below, the Court will deny Plaintiffs' motion, grant Defendants' motion, and grant Plaintiffs leave to file a Second Amended Complaint.

### II. Factual Allegations and Procedural History[1]

Plaintiffs are municipal police officers within Jackson Township (Am. Compl., Doc. 20, at ¶ 11), and Defendants, Allen Fox and John Wilkes, Jr., are Township Supervisors of Jackson Township. (*Id.* at ¶¶ 3-4).

In December 2011, Plaintiff Davis "requested information pursuant to a Right-to-Know requests [*sic*], and in retaliation within two (2) weeks, Defendant Fox threatened Plaintiff that he would take his job away from him if he pursued such requests and tried to

---

[1] The following recitation of factual allegations is taken from this Court's Memorandum Opinion dated April 22, 2013 (Doc. 36).

intimidate him into dropping said Right-to-Know requests." (*Id.* at ¶ 8). Then, a month later, Plaintiffs "reported official misconduct engaged [in] by Defendants to federal law enforcement authorities." (*Id.* at ¶ 9).

Thereafter, Defendants "began and continue a campaign of [retaliatory] harassment toward Plaintiffs, which included but [was] not limited to: loss of pay, refusal to pay overtime, threatened job, threatened to eliminate the entire police department, harassed via text and verbally, engaged in surveillance, and wrongfully interfered with police business." (*Id.* at ¶ 13). Plaintiffs also allege that Defendants "were acting in conspiracy to violate Plaintiffs' First Amendment rights and cause harm to Plaintiffs." (*Id.* at ¶ 14).

Defendants previously filed a motion to dismiss on the basis that Plaintiffs had failed to exhaust their administrative remedies by filing grievances through their unions before pursuing their claims in federal court. This Court denied Defendants' motion based on this "erroneous legal principle," but informed the parties that the denial of Defendants' motion should not be understood "to mean that the Court has approved the sufficiency of Plaintiffs' Amended Complaint." (Doc. 36, at 5-6).

Defendants then filed a Second Motion to Dismiss based on FED. R. CIV. P. 12(b)(6), arguing that the Amended Complaint lacked a sufficient factual basis in support of Plaintiffs' First Amendment Retaliation claims. (Doc. 42). Plaintiffs filed a Motion to Strike Defendants' Motion, citing FED. R. CIV. P. 12(g)(2), which says "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this

2

rule raising a defense or objection that was available to the party but omitted from its earlier motion." (Doc. 44).

## III. Standard of Review

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

3

> Twombly and Iqbal require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 212 (3d Cir. 2013)

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." Iqbal, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## IV. Analysis

### a. Plaintiffs' Motion to Strike

Plaintiffs argue that Defendants waived their right to file a successive motion to dismiss, citing Rule 12(g)(2). Defendants respond that they did raise these arguments in their prior motion, so they did not waive any basis for dismissal. In Defendants' brief in support of their first motion to dismiss, they argued:

> Plaintiffs reported Defendants to some unnamed law enforcement officials, and then experienced negative treatment at work, including lost wages. The Plaintiffs do not provide any contextual facts which could either (a) establish the capacity (i.e., as police officers or private citizens) in which they made their report against Defendants, or (b) provide Defendants with appropriate notice of what facts are being alleged against them. For instance, Plaintiffs do not state a factual correlation between the alleged retaliatory conduct of the Defendants and the "loss of pay" or "refusal to pay overtime."

4

(Doc. 24, at 3). In addressing the prior motion, the Court noted: "[h]ad Defendants supported these arguments with legal authority and developed their analysis, there may have been a basis for dismissal." (Doc. 36, at 5). Defendants' motion does not raise new arguments, but rather develops their arguments in accordance with the Court's guidance. Therefore, the Court will not find that Defendants waived any arguments in support of either motion to dismiss.

Furthermore, if Defendants were raising new arguments under Rule 12(b)(6), Plaintiffs' reliance on Rule 12(g)(2) does not end the inquiry. Looking to the exceptions referred to in Rule 12(g)(2), "[f]ailure to state a claim upon which relief can be granted [under Rule 12(b)(6)], . . . may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial," and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(2), (3). Therefore, successive motions arguing "failure to state a claim upon which relief can be granted" do not fall into the prohibitions of Rule 12(g)(2), but rather, fall into the exceptions in Rule 12(h)(2).

As further support, Rule 12(h)(1) provides that "[a] party waives any defense listed in Rule 12(b)(2)-(5) by omitting it from a motion in the circumstances described in Rule 12(g)(2)." FED. R. CIV. P. 12(h)(1)(A). Notably absent from the motions waived are those filed under Rules 12(b)(1) (subject-matter jurisdiction) and 12(b)(6) (failure to state a claim). *See also Palcko v. Airborne Express, Inc.*, 372 F.3d 588, 597 (3d Cir. 2004) ("motions under

Rule 12(b)(1) and (b)(6) are not waived under Rule 12(h)(1), but motions under Rule 12(b)(2) and (b)(3) are.").

Although Defendants did not frame their motion as a Rule 12(c) motion, the Court would not have dismissed their motion with prejudice, but would have granted leave to amend to file as a Rule 12(c) motion raising Rule 12(b)(6) arguments. Therefore, the Court will deny Plaintiffs' Motion to Strike Defendants' Motion (Doc. 44).

### b. Defendants' Second Motion to Dismiss

<u>First Amendment Retaliation Claim</u>

"To state a First Amendment retaliation claim, a public employee plaintiff must allege that his activity is protected by the First Amendment, and that the protected activity was a substantial factor in the alleged retaliatory action." *Gorum v. Sessoms*, 561 F.3d 179, 184 (3d Cir. 2009) (citing *Hill v. Borough of Kutztown*, 455 F.3d 225, 241 (3d Cir. 2006)). "The first factor is a question of law; the second factor is a question of fact." *Id* (internal citations and quotation marks omitted). "To establish the requisite causal connection a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). Furthermore, "[i]t is only intuitive that for protected conduct to be a substantial or motivating factor in a decision, the decisionmakers must be aware of the protected conduct." *Ambrose v. Twp. of Robinson*, 303 F.3d 488, 493 (3d Cir. 2002).

"The [Supreme] Court has made clear that public employees do not surrender all their First Amendment rights by reason of their employment. Rather, the First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 417, 126 S. Ct. 1951, 1957, 164 L. Ed. 2d 689 (2006). If public employees speak in the course of their employment, "the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Id.* at 421, 126 S. Ct. 1951. However, if an employee speaks as a citizen on a matter of public concern, "[t]he question becomes whether the relevant government entity had an adequate justification for treating the employee differently from any other member of the general public." *Id.* at 418, 126 S. Ct. 1951.

"To be protected, the speech must implicate a matter of public concern . . . . Speech implicates a matter of public concern if the content, form, and context establish that the speech involves a matter of political, social, or other concern to the community." *Miller v. Clinton Cnty.*, 544 F.3d 542, 548 (3d Cir. 2008) (citing *Connick v. Myers*, 461 U.S. 138, 146-148, 103 S. Ct. 1684, 75 L. Ed. 2d 708 (1983)). For instance, speech may be a matter of public concern when the speaker seeks to "bring to light actual or potential wrongdoing or breach of public trust" on the part of government officials. *Borden v. Sch. Dist. of Twp. of East Brunswick*, 523 F.3d 153, 170 (3d Cir. 2008) (quoting *Connick*, 461 U.S. at 148, 103 S. Ct. 1684).

7

Plaintiffs bring a First Amendment Retaliation claim against Defendants Fox and Wilkes for two alleged instances of free speech: (1) in December 2011 when Plaintiff Davis "requested information pursuant to a Right-to-Know requests," (Am. Compl. at ¶ 8), and (2) in January 2012, when both plaintiffs "reported official misconduct engaged [in] by Defendants to federal law enforcement authorities." (*Id.* at ¶ 9). In retaliation for these instances of speech, Plaintiffs allege that within two weeks of Plaintiff Davis submitting his right-to-know request, "Defendant Fox threatened Plaintiff [Davis] that he would take his job away from him if he pursued such requests and tried to intimidate him into dropping said Right-to-Know requests," and at some unknown time, "Defendants began and continue a campaign of harassment toward Plaintiffs, which included but [was] not limited to: loss of pay, refusal to pay overtime, threatened job, threatened to eliminate the entire police department, harassed via text and verbally, engaged in surveillance, and wrongfully interfered with police business." (*Id.* at ¶¶ 8, 13). These allegations comprise the entirety of factual statements in the Amended Complaint.

Defendants characterize Plaintiffs' Amended Complaint as follows: "Plaintiffs ('as a citizen') engaged in protected activity when they reported 'official misconduct' to 'federal law enforcement officials' and suffered retaliation as the result of their conduct." (Defs.' Br. in Supp., Doc. 43, at 7). "A prohibited 'formulaic recitation of a cause of action' is exactly what Plaintiffs have presented to the Court here." (*Id.*). "For instance, Plaintiffs have not made

8

even a bare allegation as to the right or opportunity of the Defendants to control the condition of Plaintiffs' employment." (*Id.* at 8). The Court agrees.

Within two weeks of Plaintiff Davis filing a right-to-know request, Defendant Fox allegedly threatened to "take [Davis's] job away" and "tried to intimidate him into dropping said Right-to-Know requests." (Am. Compl. at ¶ 8). Plaintiffs do not allege that Defendant Fox, as a Township Supervisor, has the authority or power to take such actions. Moreover, "[f]or a threat to be actionable on a section 1983 retaliation claim, it would have to dissuade a plaintiff from engaging in protected action in the future." *Kundratic v. Thomas*, 407 F. App'x 625, 628 (3d Cir. 2011) ("because plaintiff does not allege that Thomas' threat deterred him from engaging in protected activity, this threat is not of the type that can underpin a section 1983 retaliation claim."); *see also Brennan v. Norton*, 350 F.3d 399, 419 (3d Cir. 2003) (declining to find adverse action where the "alleged retaliatory acts were criticism, false accusations or verbal reprimands.").

With respect to Plaintiffs' second instance of speech in January 2012, Plaintiffs allege that they "reported official misconduct engaged [in] by Defendants to federal law enforcement authorities" which resulted in "a campaign of harassment toward Plaintiffs, which included but [was] not limited to: loss of pay, refusal to pay overtime, threatened job, threatened to eliminate the entire police department, harassed via text and verbally, engaged in surveillance, and wrongfully interfered with police business" (Am. Compl. at ¶¶ 9, 13) without identifying what the alleged misconduct was, to whom they reported it, and

9

when the allegedly retaliation took place in relation to their speech. At this juncture, the Court is without sufficient facts to determine whether the speech engaged in by Plaintiffs is protected speech, whether Defendants were aware of this speech when Plaintiffs reported it, and whether there is a sufficient causal relationship alleged between the speech and retaliation.

For all of the foregoing reasons, the Court will dismiss Plaintiffs' Amended Complaint without prejudice and grant leave to amend.

## 42 U.S.C. § 1983 Conspiracy Claim

To the extent that Plaintiffs are alleging a conspiracy claim against the defendants, Plaintiffs must allege a conspiracy claim as a count separate and distinct from their First Amendment Retaliation claim. The Amended Complaint, as currently pled, alleges in a conclusory fashion that "Defendants Fox and Wilkes were acting in conspiracy to violate Plaintiffs' First Amendment rights and cause harm to Plaintiffs." (Am. Compl. at ¶ 14).

"To demonstrate the existence of a conspiracy under § 1983, 'a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law.'" *LeBlanc v. Stedman*, 483 F. App'x 666, 670 (3d Cir. 2012) (quoting *Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685, 700 (3d Cir. 1993), *abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392 (3d Cir. 2003)). "In addition, there must be evidence of actions taken in concert by defendants with the specific intent to violate that right." *Crist v. Phelps*, 810 F.

Supp. 2d 703, 711 (D. Del. 2011). "[A] § 1983 conspiracy claim only arises when there has been an actual deprivation of a right." *Perano v. Twp. of Tilden*, 423 F. App'x 234, 239 (3d Cir. 2011) (citing *Andree v. Ashland Cnty.*, 818 F.2d 1306, 1311 (7th Cir. 1987)).

Therefore, if Plaintiffs wish to pursue a separate conspiracy claim, they must show that Defendants Fox and Wilkes acted in concert with the specific intent to violate their First Amendment rights by alleging facts to show the conspiracy, the concerted action in furtherance of the conspiracy, and Defendants' specific intent to so act.

## Official Capacity Suit

Finally, Plaintiffs sue Defendants Fox and Wilkes in Defendants' individual and official capacities, but they have not sued Jackson Township. "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985). Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Id.* at 165. Therefore, "a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation; thus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *Id.* at 166 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326, 102 S. Ct. 445, 454, 70 L. Ed.

11

2d 509 (1981) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)).

Because this action against Defendants Fox and Wilkes in their official capacities is, in reality, a suit against Jackson Township, Plaintiffs are directed to add Jackson Township as a defendant to this action.

### Leave to Amend

Because Plaintiffs have requested leave to amend (Pls.' Br. in Opp., Doc. 46, at 14), the Court will grant them leave to do so. The Third Circuit has held that "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) *cert. denied*, 131 S. Ct. 1798, 179 L. Ed. 2d 655 (2011) (internal citations and quotation marks omitted).

Failure to cure the above-mentioned defects shall result in dismissal with prejudice of those facts alleged that are deemed insufficient, which may result in dismissal with prejudice of the Second Amended Complaint entirely.

## V. Conclusion

For the foregoing reasons, the Court will deny Plaintiffs' motion, grant Defendants' motion, and grant Plaintiffs leave to file a Second Amended Complaint. A separate Order follows.

                                /s/ Robert D. Mariani
                                Robert D. Mariani
                                United States District Judge